JENKINS, APPELLEE, *v.* PUBLIC EMPLOYEES RETIREMENT SYSTEM OF OHIO, APPELLANT, JENKINS, APPELLEE.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25521. Decided June 29, 1961.

Mr. *John A. Howard*, for appellee, Helen Jenkins.

Mr. *Mark McElroy*, attorney general, and Mr. *Gerald J. Celebrezze*, for appellant.

(HUNSICKER and DOYLE, JJ., of the Ninth District, and McCLINTOCK, J., of the Fifth District, sitting by designation in the Eighth District.)

DOYLE, P. J. This is an appeal from a summary judgment entered in the Court of Common Pleas of Cuyahoga County.

The action was commenced by Helen Jenkins, the widow of Herbert C. Jenkins, who, at the time of his death, was a member of the Public Employees Retirement System of Ohio. The petition prays for a declaratory judgment to the effect that "she is the sole and proper person to take under the designation of beneficiary on file with the Public Employees Retirement System at the time of the death of the member, and that the Public Employees Retirement System be ordered to grant plaintiff the right to make her election under Section 145.45 (B) (2), Revised Code, and for such other relief, legal and equitable, to which she may be entitled in the premises."

The trial court granted the prayer of the petition, and ordered the Public Employees Retirement System to pay to the plaintiff "the proceeds of the * * * account" under the provisions of Section 145.45 (B) (2), Revised Code, retroactive to August 20, 1956.

The Code section to which reference is made above permits a surviving spouse to receive a survivor benefit monthly payment from the system, if she qualifies otherwise, when her husband dies while a member of the system and before retirement.

The undisputed facts revealed by the pleadings, stipulations and papers in the case, are:

(1) Herbert Jenkins was a member of the Public Employees Retirement System, with more than fifteen years service credit at the time of his death on the 20th day of July, 1959.

(2) Helen Jenkins, his widow, is sixty-three years of age, has not remarried, and had been married to the deceased for a period of more than three years next preceding the date of his death.

(3) On file with the Public Employees Retirement System at the time of Jenkins' death was a document entitled "Designation of Beneficiary," executed on June 23, 1959, by the deceased, in which he designated his son, Adelbert Howard Jenkins, "sole beneficiary (for election to take any authorized survivor's benefits or cash refund of savings fund contributions)." In the same document he named his wife, Helen A. Jenkins, as "first contingent" beneficiary to take "only in event of death of primary beneficiary."

(4) On January 4, 1960, the son, who was named "sole beneficiary," filed with the system the following affidavit:

"Adelbert H. Jenkins, being first duly sworn, deposes and says that he is the designated primary beneficiary of the late, Herbert C. Jenkins, deceased, in the matter of Public Employees Retirement System, account No. 62207; that he, the said Adelbert H. Jenkins, is an adult person and that he does decline to accept the proceeds of this retirement fund, and asks that the Public Employees Retirement Board treat and dispose of said account as though he, the said Adelbert H. Jenkins, had predeceased Herbert C. Jenkins.

"Affiant further says that he does this as his free act and deed, and is not under any duress in signing this instrument.

"(Signed)   Adelbert H. Jenkins.

"(Jurat)"

The Public Employees Retirement System challenges the

judgment of the Court of Common Pleas with the following assignment of errors:

"1. The court erred in granting a judgment for the plaintiff and ordering the said defendant to pay to plaintiff an allowance under the provisions of Section 145.45 (B) (2), Revised Code.

"2. The court erred in overruling defendant's demurrer to the petition of the plaintiff."

The question to be decided in this court, in its appraisal of the judgment under review, may be posed as follows:

Can a sole beneficiary, under the provisions of Chapter 145, Public Employees Retirement System, who is entitled to receive only the accumulated contributions, plus any payment made to restore previously-forfeited service credit from the Public Employees Retirement System, renounce his rights, upon the death of the member, to such award, in favor of a contingent beneficiary; and thus make such contingent beneficiary a sole beneficiary, thereby placing an obligation upon the System to pay the named contingent beneficiary survivor benefits payable to *widow*s (Section 145.45 [B] [2]), Revised Code, not permitted to be paid to a *son* of a deceased member?

The membership of the deceased in the Public Employees Retirement System constituted a contract between the member and the System, into which was incorporated the legislation creating and regulating the insurance. The rights, duties and obligations are fixed by the statutes in existence at the time of the death of the member. It seems also obvious that the rights of the named beneficiaries vest and become fixed upon the death of the member. See: *State, ex rel. McLean,* v. *Retirement Board, etc.,* 16 Ohio St., 327; *State, ex rel. Pincombe,* v. *Bd. of State Teachers Retirement System et al.,* 172 Ohio St., 217, for analogous reasoning in part.

On the date of the death of the member (July 20, 1959), Section 145.43, Revised Code, read, in part, as follows:

"(A) Should a member die subsequent to June 14, 1951, and before retirement, his accumulated contributions and any payment he has made to restore previously-forfeited service credit as provided in Section 145.31, Revised Code, shall be paid to such person or persons as he has designated in writing duly

executed, signed by him, and filed with the public employees retirement board prior to his death. The last designation of any beneficiary revokes all previous designations.

"* * * If the accumulated contributions of a deceased member are not claimed by a beneficiary, or by the estate of the deceased member, within ten years such contributions shall be transferred to the income fund and thereafter paid to such beneficiary or to the member's estate upon application to the board. The board shall formulate and adopt the necessary rules and regulations governing all designations of beneficiaries."

This statute continues by providing that, "If a member * * * dies before retirement and is not survived by a designated beneficiary, any survivors shall qualify as beneficiaries, in the following order of precedence, with all attendant rights and privileges: (1) the spouse of the member; (2) * * *;" etc.

Section 145.56, Revised Code, provides that:

"The right of a person to a pension * * *, any other right accrued or accruing to any person * * *, * * * shall be unassignable except as specifically provided in such sections."

Upon examination, we find no section providing for the assignment of the rights of a beneficiary.

In the light of the foregoing facts, and the statutes included in Chapter 145, Revised Code, we conclude that, while the surviving spouse could have qualified to receive survivor benefits of monthly payments had she been named by her husband as sole beneficiary, she cannot, as a contingent beneficiary, have assigned to her the rights of a sole beneficiary when the sole beneficiary is alive and can qualify; nor can she be placed in the position of a statutory sole beneficiary because the sole beneficiary "declines to accept" the money legally due him. The rights of the parties vested at the time of the death of the member, and the terms of the contract cannot now be changed.

The judgment will be reversed, and final judgment entered for the appellant.

Hunsicker and McClintock, JJ., concur.